ALBANY,
August, 1811.

CAIRNS
v.
SMITH.

CAIRNS and LORD *against* SMITH.

VAN VECHTEN, for the defendant, moved to set aside the execution issued in this cause, in the hands of the sheriff, or that all proceedings be stayed, so far as relates to the real estate of the defendant, advertised for sale, by the sheriff, under the execution.

*Russell*, contra.

Several affidavits were read.

1. *Scidmore*, a deputy of *Bull*, late sheriff of *Saratoga*, swore, that executions were lodged in his hands, in the above cause, and in two other causes against the same defendant, by *J. Cramer*, attorney, with directions to advertise for sale the real estate of the defendant in *Ballston;* that he accordingly advertised the same for sale, and the same was sold to *Benjamin Smith*, for 20 dollars, who purchased for one *Shaw*, and *Smith* paid the money to the deputy.

2. *Shaw* swore that he purchased of *Smith* his title under the sale; that the same lands are again advertised for sale under a second execution, issued in the above suit; that *Bull*, the sheriff, died, without executing any deed to the purchaser, and his executors refuse to execute a deed.

3. *J. Mandeville* swore, that the present sheriff told him that the execution delivered to him in the above cause by *Scidmore*, he returned to the attorney, at his request, and that the attorney either altered the *teste* and *return* of the execution, or issued a new execution, and requested him to advertise the same property again for sale; and that the execution in this cause was the eldest of those in the hands of *Scidmore*, the deputy.

It is irregular to issue a second execution, until the first is returned. Though where an execution has issued unadvisedly, it may be withdrawn, before any thing is done upon it; yet where a sale had been made under an execution, and the sheriff died without executing a deed, it was held irregular to withdraw and suppress the execution, and issue a second to the new sheriff, for the purpose of selling the property a second time.

Whether the sale on the first execution was *bona fide*, or fraudulent, the court will not decide, on motion.

4. *Cramer*, the attorney, swore that a *fieri facias* in the above cause was issued to the late sheriff for 442 dollars and 43 cents; that the property was bid off, at the sale, by a son of the defendant, for 20 dollars; that a short time before the death of *Bull*, the deputy sheriff informed him, that no money had been paid on the sale, or any deed demanded; that since the death of *Bull* he had issued another *fieri facias* in the cause; that the property was worth 1,500 dollars, and the defendant was insolvent.

*Per Curiam.* It is irregular to issue a second execution until the first is returned. (*Gilbert on Executions*, 24. 1 *Salk.* 318. 2 *Tidd's K. B. Prac.* 934.) The court ought to know what proceedings have been had upon the first execution before they award another. This rule is necessary to prevent abuse and oppression, though we do not mean to apply the rule to a case in which an execution may have issued unadvisedly, and the party withdraws it, before any thing is done. The rule is more necessary to be observed, when it appears that a sale has actually been had under the first execution. (2 *Tidd*, 912.) In this case there was a sale, and a purchaser claims the benefit of such sale. Whether the sale was *bona fide* and valid, or fraudulent and void, is a question which cannot be tried upon the present motion; nor can it be permitted to the attorney who issued the execution to determine that point for himself. By recalling and suppressing the first execution, after a sale under it, he deprives the purchaser of his right, if any right was legally acquired under the first sale. An execution is said to be an entire thing, and when once begun must be completed, and perhaps the executors of the late sheriff are the proper persons to return the first execution, so that the parties may respectively be enabled to take such steps thereon as their rights may require. If a sheriff dies after having taken goods into his possession, his execu-

tors must complete the sale. ' (1 *Black. Rep.* 69.) But without giving any opinion as to the course and effect of the proceedings under the first execution, it is sufficient, in the present case, to declare, that the second execution was irregular, and that the motion to set it aside ought to be granted with costs.