The opinion of the Court was delivered by
Tjxghman C. J.
The plaintiffs, who are the executors of Philip Wager, deceased, levied on a quantity of household furniture in. possession of the defendant, by virtue of a fieri facias issued upon a judgment obtained against him for a debt due to the said Philip Wager. The defendant does not claim the property as his own, but says, that he holds it for those persons to whom-he assigned it in trust for his creditors, when he was discharged by virtue of an insolvent act passed the 26th March, 1808, so that the dispute is in fact between those assignees and the plaintiff. Philip Wager was a creditor of the defendant at the time of his discharge, and the debt on which the plaintiff obtained judgment was then due to him. The assignment was therefore in trust for Philip Wager and the other creditors. There is something peculiar in the act of 26th March, 1808. It revives an expired act passed 4th April, 1798, for one year, with this addition, that the Court who discharged the insolvent debtor might, with the consent expressed in writing of a majority in number and value of his creditors residing in the United States, or having a known attorney therein, make or order, that the debtor should be released from all suits, and his property acquired after his discharge be exempted from all executions for debts contracted before his discharge, for the term of seven years next succeeding his discharge. Such consent was given, and such an order made, in the present instance. And Philip Wager was one of the creditors who consented, so that he was immediately a party to the proceedings under the insolvent law. The cases cited by the plaintiff’s counsel establish the well known principle, that a transfer of chattels should be accompanied with and followed by possession, otherwise there is presumption of fraud under the statute 13 Eliz. This is the general principle, but if the possession remains in the grantor, it is not such undeniable evidence of fraud as admits of no explanation. A stranger purchasing household goods sold by the sheriff on an execution against A, may leave them in the possession of A, on loan, and it will not be fraudulent. But if a creditor of A, had received a bill of *124 sale from A, and left the goods in his possession, it would have been a fraud. This distinction will be found in the cases of Putnam v. Wylie, 8 Johns. 337, and M'Instry v. Tanner, 9 Johns. 135. There are many other instances in which the presumption arising from possession may be rebutted. If the dispute had been between a creditor of the defendant, for a debt contracted after his discharge by the insolvent law, and his assignees under that law, I should think that the length of time for which the defendant has been suffered to keep possession of his goods would be sufficient evidence of fraud. But the case between Philip Wager's executors and the assignees is very different. Those assignees are the trustees of Philip Wager and the other creditors, and received a conveyance of all the defendant’s effects for the benefit of all. The defendant, therefore, when he holds for his assignees holds for all his creditors. If those assignees have done wrong in suffering the goods to remain in the defendants possession they are accountable to the creditors. But no one creditor can avail himself of that wrong, to the injury of the others. So far as concerns Philip Wager no presumption of fraud arises from the defendant’s possession, because that possession was by the permission of Wager’s own trustee. The case is distinguishable, therefore, from all those which have been cited for the plaintiff, and does not fall within the principle established by them. I am of opinion, that the property vested in the assignees at the time of the defendant’s discharge, remains in them for the benefit of all the creditors entitled to claim under the' assignment; and that with respect to all those creditors the possession of the defendant is fair. That being the case, the goods, not being the property of the defendant, were not subject tp the plaintiff’s execution.